# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:                                    Chapter 7

**Lisa Koenig,**                          Bankruptcy **19-18417**
                        Debtor.
                                          Honorable LaShonda A. Hunt

## NOTICE OF MOTION

    **Please take notice** that on Friday, **April 2, 2021 at 9:15 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorney shall appear before the Honorable LaShonda A Hunt, United States Bankruptcy Judge for the Northern District of Illinois, **VIA AT&T Teleconference**, and then and there shall present the *Motion to Approve Settlement and Other Relief.* You may appear if you so choose.

    **This Final report will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must call in to the hearing using the following information—Toll Free Number: 1-888-557-8511; Access Code: 7490911.**

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: March 12, 2021                    **Joji Takada** not individually but as the chapter 7
                                          trustee of the bankruptcy estate of **Lisa Koenig**

                                          By: /s/ Zane L. Zielisnki
                                          One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF**
    **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

{00032590}

## Certificate of Service

Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), on March 12, 2021, I caused a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion to Approve Compromise and Other Relief* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail on the Debtor at the address shown below.

*/s/ Zane L. Zielinski*

## ECF SERVICE LIST

- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **David M Siegel**    davidsiegelbk@gmail.com, R41057@notify.bestcase.com;johnellmannlaw@gmail.com
- **Joji Takada**    trustee@takadallc.com, IL74@ecfcbis.com

## MANUAL SERVICE LIST

<table>
<tr><td>

**VIA U.S. MAIL**
MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

</td><td>

**VIA U.S. MAIL**
LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

</td></tr>
<tr><td>

**VIA U.S. MAIL**
**Verizon**
**by American InfoSource as agent**
**4515 N Santa Fe Ave**
**Oklahoma City, OK 73118**

</td><td>

**VIA U.S. MAIL**
**Lisa A. Koenig**
2004 Cumberland Drive
Plainfield, IL 60586

</td></tr>
</table>

{00032590}

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Lisa Koenig,** | Bankruptcy **19-18417** |
| Debtor. | Honorable LaShonda A. Hunt |

### TRUSTEE'S MOTION TO APPROVE COMPROMISE
### AND OTHER RELIEF

Joji Takada, not individually but as the Chapter 7 Trustee (the "Trustee") of **Lisa Koenig** (the "Debtor") seeks entry of an order approving compromise and related relief.

### PRELIMINARY STATEMENT

**Lisa Koenig** had a personal injury claim against Kelly Hall Pecka and the insurance company Allstate Fire and Casualty Company (collectively, the "**Defendant**") that was identified on the schedules. After the petition date, the Trustee contacted Michael A. Shammas of the Shammas Law Office (collectively "**Shammas**") the Debtor's personal injury counsel. Shammas indicated that he would review status of their litigation related to the pre-petition automobile accident (the "Claim"), and contact the Trustee with status. He did not get back to the Trustee.

In June 2020, Shammas and the Debtor settled the Claim for $72,000, and disbursed all the funds. Unfortunately, no one contacted the Trustee nor did they seek approval in this case. After reviewing the matter with counsel, the Trustee agreed to ratify the settlement agreement provided that the estate received $10,000 of the settlement funds. Practically, it appears that if the Claim had been disclosed and settled, the estate would have received **$8,591.05**. The Trustee requested a reduction of the Debtor's exemption of $1,408.95, to deal with the issues related to the unauthorized settlement of the Claim, reflected of the Trustee's increased attorney's time in reviewing the matter.

By this Motion, the Trustee is seeking: (i) to ratify the settlement with the Defendant; (ii) approve and pay as the actual and necessary expenses Shammas' fees of $23,500; and expenses

of $34.80;[1] (iii) authorizing the payment of $24,874.15 for the eleven medical liens to Humana, Northshore Evanston Hospital, G&T Orthopedics, ATI Physical Therapy, Stand up MRI of Deerfield, Lakeshore Surgery Center, Neurological Surgery and Spine Surgery, Chicago Sports and Spine and Delaware Physicians (collected the "Medical Liens"); and (iv)  approving the settlement with the Debtor in which she will receive a reduced exemption of $13,591.05, with the Trustee receiving net proceeds of $10,000.    A copy of the disbursement sheet with the medical liens is attached hereto as **Exhibit A.**

## **BACKGROUND**

1.      The Debtor commenced this case by filing a voluntary Chapter7 petition on in the United States Bankruptcy Court for the Northern District of Illinois (the "Case") on June 28, 2019.

2.      The Trustee is the duly appointed chapter 7 Trustee.

3.      In January 2020, the Trustee contacted Shammas regarding status of the Claim.

4.      In June 2020, Shammas settled the claim for $72,000 (the "Gross Settlement Amount").

5.      In December 2020, the Trustee learned from Shammas he had settled the Claim.

6.      In March 2021, after several discussions, the Trustee reached a proposed settlement related to the Debtor and Shammas' conduct with respect to the Claim.

7.      Based on Shammas' representative, the Trustee believes that the Claim settlement is reasonable, and the Trustee believes that the time and costs to undo the settlement of the Claim would not be warranted.   In addition, creditor's claims in this case are less than **$12,000.**

8.      The Trustee is ratifying the agreement with the Defendant, but the estate **will not be** signing any settlement agreement, or providing any release to the Defendant.  Therefore the Trustee has not attached a copy of the settlement agreement signed by the Debtor.  And no party has requested the Trustee sign any settlement agreement, and the Trustee does not believe it is warranted to sign any release in this case.

---

[1] As Shammas settled the case with knowledge of the bankruptcy, his fees and expenses should be approved as actual and necessary expenses of maintaining an estate asset, as Shammas would not qualify as a disinterested party.

9.    Shammas and the Debtor have already turned over the $10,000 to the Trustee to hold pending the approval of this Motion.[2]

## RELIEF REQUESTED

10.    The Trustee respectfully requests the entry of an order: (i) authorizing the Trustee to ratify the settlement of the Claim for the the Gross Settlement Amount; (ii) allowing as a necessary expense Shammas' fees and expenses totaling $23,534.80; (iii) approving and authorizing the payment of the Medical Liens totaling $24,874.15; (v) authorizing the Trustee's settlement with the Debtor in which the Debtor will receive a reduced exemption of $13,591.05, and the Trustee's estate will receive $10,000 to be distributed to creditors.

## BASIS FOR APPROVING SETTLEMENT

11.    Pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the court may approve a settlement or compromise. Fed. R. Bankr. P. 9019.  Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

12.    A bankruptcy judge has discretion whether to approve a settlement agreement.  *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987).  The court's discretion hinges upon whether the settlement is fair and equitable and in the best interest of the estate.  *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994) (citations omitted).

13.    In making its determination, this Court must first compare the terms of the settlement with the probable costs and benefits of litigation.  *Id. (quoting Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)) (the Court should try to apprise itself "of all facts necessary for an intelligent and objective opinion on the probabilities of ultimate success should the claim be litigated.").  The Court should:

> Form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.  Basic to this

---

[2] Shammas and the Debtor worked out an agreement in which both parties sent the Trustee a $5,000 checks to total $10,000.

process in every instance, of course, is the need to compare the terms of
the compromise with the likely rewards of the litigation.

*Id.*  The Court should also consider the delay involved if the settlement is not approved
"including the possibility that disapproving the settlement will cause wasting of assets."  *Amer.
Reserve Corp.*, 841 F.2d at 161.

29.     Second, the Court should determine whether the settlement falls within the
reasonable range of litigation possibilities.  *In re Energy Coop.*, 886 F.2d 921, 929 (7th Cir.
1989).  Such inquiry does not, however, require an evidentiary hearing, (*Depoister*, 36 F.3d at
586), or a mini trial of the facts.  *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522
(S.D.N.Y. 1993).  Moreover, the latter determination is to be weighted in favor of settlement,
since a challenged settlement fails the test only if it falls below the lowest point in the range of
reasonableness.  *In re Telesphere Comm., Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994)
(internal citations omitted).

30.     In this case, the Trustee believes the settlement of the Claim and the settlement
with the Debtor is fair and reasonable resolutions, and provides for a reasonable recovery for the
Debtor's creditors.  And it provides a relatively rapid disbursement to creditors.

## <u>NOTICE</u>

31.     The Trustee has served twenty one (21) days' notice of this Motion on all the
creditors that filed the claims as of the bar date of greater than $1000.  The Trustee requests that
the limited notice be approved by this court in order to reduce costs and expense to the estate.

**Wherefore**, the Trustee respectfully requests that this Court entered an order:

(i)    Authorizing the Trustee to settle the Claim in the Gross Settlement Amount of
$72,000;

(ii)   Authorizing and approving the payment of Shammas' Claim of $23,534.80;

(iii)  Authorizing and approving payment to the Medical Lien totaling $24,874.15,;

(iv)  Authorizing the Trustee's settlement with the Debtor in which the Debtor will
receive a reduced exemption of $13,591.05, and the Trustee's estate will receive $10,000 to be
distributed to creditors;

{00032590}

(v)  Approving notice of this Motion and waiving further notice; and

Granting such as relief as is fair and just.


Dated: March 12, 2021                          **Respectfully submitted,**

                                               **Joji Takada** not individually but as the chapter 7
                                               trustee of the bankruptcy estate of **Lisa Koenig,**

                                               By: /s/ Zane L. Zielinski
                                               One of her attorneys


Zane L. Zielinski (6278776)
**THE LAW OFFICE OF**
    **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.   773-877-3191
f.   815-846-8516
e.   trustee@zanezielinski.com

{00032590}